DLD-158                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3587
_____

RONALD BLUE WEST,
                                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 16-cv-02460)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2018

Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: April 3, 2018)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ronald Blue West appeals from an order of the District Court dismissing his amended complaint. For the reasons that follow, we will summarily affirm.

West, who, during the relevant time period, was incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, filed a pro se in forma pauperis civil complaint in the United States District Court for the Middle District of Pennsylvania against Bureau of Prisons counsel Michael D. Tafelski, Warden Spaulding, and S. Prutzman. West used a form civil rights complaint, and he checked the line on that form marked "42 U.S.C. § 1983 – State Officials." In the complaint, West alleged that the defendants put his life in danger when they released him from the Special Housing Unit into the general population after telling other inmates about his law enforcement background. He alleged that he "experienced a compensable loss as a result of negligence on the part of Bureau of Prisons employees," and that prison staff violated his "constitutional" rights for protection, citing 28 C.F.R. § 543.30, the federal regulation pertaining to the purpose and scope of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. In ¶ 2 of his complaint, he asserted that he had exhausted his administrative remedies regarding his present claim by filing Claim No. TRT-NER-2016-03256" pursuant to the FTCA. In ¶ 5 of his complaint, West sought expungement of two allegedly fabricated incident reports written on November 20, 2015 and February 11,

2

2016, and money damages under the FTCA in the amount of $50,000 (notwithstanding that his administrative claim for relief was only for $25,000).[1]

The District Court granted West leave to proceed in forma pauperis and directed the Clerk of Court, pursuant to the FTCA, to substitute the United States of America (hereinafter "the Government") as the sole defendant and to terminate the individual defendants. The Government then filed a motion pursuant to Fed. R. Civ. P. 12(e) and supporting brief, asking the District Court to direct West to file an amended complaint that complied with Fed. R. Civ. P. 8 and provide a more definite statement of his underlying facts and claims. The Government contended that it was not clear if West intended to assert (in addition to his FTCA claim) constitutional claims against named individuals, and noted that, if he did so intend, any claims against individual defendants must have been properly exhausted prior to bringing the claim.

West then filed a response to the motion for a more definite statement and an amended complaint. In the response and amended complaint, West referred to his action as a "federal Tort Claims Act complaint" for negligence and contended that the United States was liable for the actions of its employees, but he also referred again to 42 U.S.C. § 1983 and his "constitutional" right to protection. With respect to the factual circumstances of his case, West asserted that Lieutenant Prutzman, one of the original defendants, told inmates, and specifically inmate Patrick Patterson, about his law

---

[1] Under the FTCA, a claim for damages filed in district court may not, as a general matter, exceed the amount sought in the underlying administrative claim filed with the appropriate federal agency. 28 U.S.C. § 2675(b).

3

enforcement background; that he was ordered back into the general population on November 18, 2015; and that inmate Patterson on that same day called him to his cell to have a "verbal conversation" with him and then "pushed" him out of the cell. West did not, however, claim that he was injured as a result of being pushed.

In an effort to further satisfy Fed. R. Civ. P. 8(a)'s "plain statement of the claim showing that the pleaded is entitled to relief" requirement, West then filed an additional item titled "Motion on Definite Statement," see Docket Entry No. 33, in which he asserted that "the defendant is responsible for the incident that happen[ed] on November 18, 2015, that put [his] life in danger." He alleged that he had filed an administrative grievance seeking protective custody, which was granted by Lieutenant Prutzman but then violated when he (West) was ordered into the general population, and he attached a response from the Warden to this grievance, which indicated that his request to remain in the SHU was granted pending the completion of an investigation into his claim that it would not be safe for him to return to the general population. West did not provide an explanation for the misconduct he was issued on November 20, 2015, two days after "the incident," or the misconduct issued on February 11, 2016, both of which were referenced in ¶ 5 of his original complaint.

Satisfied that West had taken full advantage of the opportunity to clarify his claims, the Magistrate Judge filed a Report and Recommendation, recommending that the District Court dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The Magistrate Judge treated West's amended complaint as raising only an FTCA claim and concluded that West's negligence claim did

4

not fall within the scope of the FTCA because he failed to allege a physical injury as required by 28 U.S.C. § 1346(b)(2). The Magistrate Judge reasoned that all that West had alleged was an incident in which there was an argument and he was pushed out of a cell by an inmate, which was an insufficient to establish jurisdiction. West filed objections to the Magistrate Judge's Report, in which he reiterated the claims stated in his complaint and amended complaint. The District Court, in an order entered on September 26, 2017, overruled West's objections, adopted the Report and Recommendation, and dismissed the amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

West appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted West leave to appeal in forma pauperis and advised him that the appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing and he has done so. In his summary action response, West contends that he eventually was transferred to a different federal prison because prison officials at FCI-Allenwood had revealed information to inmates that put his life in danger, and that he "did allege physical injury as a result of Staff Misconduct." He further contends that he seeks an award of money damages under the FTCA and that individual liability "will be" imposed under § 1983 for the misconduct of prison officials.

We will summarily affirm the order of the District Court dismissing West's amended complaint because no substantial question is presented by this appeal, see 3rd Cir. LAR 27.4 and I.O.P. 10.6. Under § 1346(b)(1) of the FTCA, federal district courts

5

generally have jurisdiction over tort claims against the United States for "injury or loss of property, or personal injury or death" caused by the negligence of a federal government employee, if the claim would give rise to liability in the state where the tort occurred. 28 U.S.C. § 1346(b)(1). But, as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321 (1996), section 1346(b)(2) of the FTCA precludes inmate tort actions against the United States for "mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act," 28 U.S.C. § 1346(b)(2). Similarly, § 1997e(e) of title 42 puts limits on recovery in inmate civil rights actions for "mental or emotional injury," absent "a showing of physical injury or the commission of a sexual act," 42 U.S.C. § 1997e(e). Because more than a *de minimis* physical injury must be alleged as a predicate to allegations of mental or emotional injury, see <u>Mitchell v. Horn</u>, 318 F.3d 523, 536 (3d Cir. 2003), the District Court correctly dismissed the amended complaint to the extent that West alleged a mental or emotional injury. His allegation that there was an argument and he was pushed out of a cell is insufficient as a "physical injury" predicate.

The limitations on recovery placed by § 1346(b)(2) and § 1997e(e), however, pertain only to actions for mental or emotional injury, and not to actions for physical injury. An FTCA complaint alleging physical injury is subject to the standard immunity waiver of § 1346(b)(1) and may proceed in federal court so long as the injuries of which the plaintiff complains would be cognizable under state tort law. 28 U.S.C. § 1346(b)(1). Neither West's complaint nor his amended complaint, nor any of his submissions, for that matter, plainly and clearly seek damages for a mental or emotional injury only, but if

6

West intended to file an FTCA complaint alleging physical injury, his amended complaint would have had to state a claim for negligence under Pennsylvania law. Under Pennsylvania law, a tort plaintiff must allege that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) there is a causal connection between the breach and the resulting injury; and (4) the plaintiff suffered actual loss or damage. See Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998). West made no attempt in either his complaint or amended complaint to make that showing, particularly with respect to any injuries or loss he sustained, and thus his civil action was properly construed as an action for mental or emotional injury only.

Last, to the extent that West sought to pursue a civil rights action against the individual federal defendants, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking injunctive relief in the form of expungement of two allegedly fabricated incident reports written on November 20, 2015 and February 11, 2016, he could only do so after exhausting his administrative remedies as required by 42 U.S.C. § 1997e(a). See Porter v. Nussle, 534 U.S. 516, 524 (2002). Although put on notice of the exhaustion requirement by the Government's motion for a more definite statement, West at no time asserted that he administratively grieved the misconducts issued to him on November 20, 2015 and February 11, 2016.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing West's amended complaint.